Chief. Justice
the opinion of the court.
On the application of Jeremiah Terry, the county court of Montgomery appointed commissioners Ho view the wap proposed by said Terry to change the road leading from Montgomery to Paris,” and, “to report the conveniences and inconveniences attending the old and the new way.”
Tlie commissioners reported barely, that they had examined the old road, and “the proposed way,” and that the new would he much better than the old road.
Thereupon, William- Poston, through whose land it appears that the proposed-road would run, was summonse^ show cause why it should not be established, Notwithstanding his opposition, the county court made an order for establishing the proposed way.
t he order establishing the alteration in the road cannot be sustained.
1st. The order appointing the viewers, was insufficient. It did not, as it should have done, designate the part of the old road which was to be viewed, nor the scite or direction of the new way; Hubbard vs. Wickliffe, II Marshall, 502.
2d. The report was defective and unsatisfactory. It did not show whose land would bo affected by the alíeratíonrdrór filé- comparative conveniences or inconvenieflc&fu^TOffpd private, incidental, to the old and ntó:fv3Iw'á^‘:iT'c/téffihn% heirs vs. Allen, I Bibb, 581.
Neither the orders, nor the report stated how, t>r where the alteration was to be made.
The foregoing defects are fatal.
Hanson, lor plaintiff; T. Crittenden, for defendant.
Wherefore, the order establishing the alteration ib the road is reversed and set aside, and the case remanded, with instructions to quash the report.